JOHN STOCKWELL *v.* INTER-ISLAND STEAM NAVIGATION COMPANY, LIMITED, AN HAWAIIAN CORPORATION.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 23, 1914.　　　　　　DECIDED JULY 3, 1914.

ROBERTSON, C.J., AND WATSON, J.

JUDGMENT—*nonsuit.*

A judgment of nonsuit is no bar to another action for the same cause. *Vivas* v. *Aswan,* 11 Haw. 282.

SAME—*nonsuit—res adjudicata.*

A judgment of nonsuit is not an adjudication on the merits but leaves the parties in the same condition, so far as the cause of action is concerned, as though no action had been instituted, and hence cannot constitute *res adjudicata.*

OPINION OF THE COURT BY WATSON, J.

Action on the case to recover damages for personal injuries. Defendant pleaded (1) the general issue and (2) a judgment of nonsuit entered in a former suit upon the same cause of action by the plaintiff against the defendant. Demurrer to the second plea that the same is insufficient in law to constitute a defense or bar to plaintiff's cause of action. Joinder in demur-

rer and the lower court reserved for the consideration of this court the question, should the demurrer be sustained. Mr. Justice Quarles being disqualified, it was stipulated in writing between the parties that the case should be submitted for decision to the two remaining justices and that their decision should be binding on the parties.

The question thus presented, whether or not a judgment of nonsuit constitutes a bar to another action between the same parties for the same cause of action, was passed on by this court in the case of *Vivas* v. *Aswan*, 11 Haw. 282. There the court held unqualifiedly that a judgment of nonsuit is no bar to another action for the same cause, citing among other authorities *Morgan* v. *Bliss*, 2 Mass. 111; *Bridge* v. *Sumner*, 1 Pick. 371; *Ensign* v. *Bartholomew*, 1 Met. 274. Defendant contends that the decision in the *Aswan* case should not be regarded as controlling in the case at bar for the reason that it did not appear in that case that the judgment of nonsuit was .granted on the merits, whereas in the instant case the plea in bar alleges that the judgment of nonsuit "was on the merits of said former action." This court having adopted in the *Aswan* case the rule laid down by the Massachusetts cases, and that rule having become the general understanding of the profession in this jurisdiction, we should hesitate to depart therefrom unless it clearly appeared that the rule thus announced is erroneous. In at least two of the cases relied on by the court in arriving at its conclusion in the *Aswan* case the rule is expressly declared that a judgment rendered on a nonsuit on the merits is no bar to a future action for the same cause. *Morgan* v. *Bliss, supra; Bridge* v. *Sumner, supra.* The doctrine that a judgment of nonsuit is no bar to another action for the same cause is in harmony with the overwhelming weight of authority. 1 Freeman on Judgments, Sec. 261 . Mr. Black, in his work on Judgments, 2 ed., Sec. 699, says: "It is a settled and inflexible rule that a judgment of nonsuit is not a judgment upon the merits and therefore is no bar to another suit upon the same cause of ac-

tion." And again in section 703 he says: "A judgment of dismissal may also be asked for on the trial at the conclusion of the plaintiff's evidence in chief. And the granting of such a motion can have no greater effect upon the cause of action than an involuntary nonsuit entered at the same stage. * * * Hence, the cases hold that the dismissal by the court of an action at law, while the same is on trial and before its final submission, upon the ground that plaintiff has failed to establish his cause of action, is not a final determination on the merits, and therefore not pleadable against another action for the same cause." In 24 A. & E. Enc. Law, 2 ed. 801, this same rule is stated as follows: "It is well settled in the United States that a judgment of nonsuit or in the nature of a nonsuit is not an adjudication upon the merits, but leaves the parties in the same condition, so far as the cause of action is concerned, as though no action had ever been instituted, and hence cannot constitute *res judicata.*" The doctrine thus announced in the text is supplemented by a long list of authorities cited in the foot note which we deem it unnecessary to reproduce here. For later cases supporting the same doctrine see 4 Suppl. A. & E. Enc. Law 613, note 1. See also *Manhattan Life Ins. Co.* v. *Broughton,* 109 U. S. 121; *Gardner* v. *Michigan etc. R. R.,* 150 U. S. 356; case notes *Lea* v. *Lea,* 96 Am. Dec. 778; *Cartin* v. *South Bound R. R. Co.,* 49 Am. St. Rep. 831. It has been held that a judgment of nonsuit, even on an agreed statement of facts, cannot be pleaded in bar of a new suit. *Derby* v. *Jacques,* Fed. Cas. No. 3817; *Homer* v. *Brown,* 16 How. (U. S.) 354. "The difference between a compulsory nonsuit and a directed verdict for the defendant is matter of form rather than of substance, except that in case of the former a new action may be brought, while in the case of a directed verdict and judgment thereon the action is ended unless a new trial is granted upon motion or on appeal." *Board of Com'rs.* v. *Home Sav. Bank,* 200 Fed. 28, 35, and cases cited; *Oscanyan* v. *Arms Co.,* 103 U. S. 261, 264. In support of his contention that a judgment of involuntary

nonsuit rendered on the merits is a bar to a subsequent suit upon the same cause of action, counsel for the defendant relies strongly upon the case of *Ordway* v. *Boston & Maine R. R.,* 69 N. H. 429. In 24 A. & E. Enc. Law, 2 ed. 801, *supra,* the *Ordway* case is the single case cited as at variance with the general rule laid down in the text that a nonsuit is not a bar to another action for the same cause. From a careful reading of that case we can but believe that the court, if not controlled, was largely influenced by the statute of the State of New Hampshire then in force, referred to on page 436, it being conceded by the court (p. 431) that by the doctrine of authorities "it is a settled and inflexible rule of law that a judgment of nonsuit is not a judgment upon the merits, and therefore it is no bar to another suit upon the same cause of action." We are of the opinion that the rule laid down in the *Aswan* case, *supra,* is correct and in accord with the great weight of authority. For that reason the reserved question should be answered in the affirmative, and it is so ordered.

*L. Andrews* for plaintiff.

*E. W. Sutton* (*Smith, Warren, Hemenway & Sutton* and *J. W. Cathcart* on the brief) for defendant.